310 N.W.2d 106 (1981)
In re the Marriage of Harry RYDELL, petitioner, Respondent,
v.
Marjorie E. RYDELL, Appellant.
No. 50882.
Supreme Court of Minnesota.
September 18, 1981.
*113 Collins, Buckley, Sauntry & Haugh, William E. Haugh and Thomas J. Germscheid, St. Paul, for appellant.
Richard D. Goff, Minneapolis, for respondent.
Considered and decided by the court en banc without oral argument.
SIMONETT, Justice.
The respondent below, Marjorie E. Rydell, appeals from the judgment in her marriage dissolution proceeding, claiming the award for spousal maintenance is inadequate. The trial court, believing it was bound by res judicata, awarded the same spousal maintenance as had previously been awarded in an earlier separation action. We reverse and remand.
At the time of trial, in August 1979, Harry and Marjorie Rydell had been married 37 years. Mr. Rydell was 56 and his wife 57. Mr. Rydell had worked for his company 29 years. His 1978 gross income was $23,820.79 and his monthly net take-home pay was about $1,200. Mrs. Rydell was in extremely poor health. She received, in addition to support money from her husband, $123 a month in social security disability benefits, plus about $35 a month in interest on her savings of $3,000. Medicare and her husband's health policy afforded Mrs. Rydell partial coverage on her substantial hospital, medical and drug expenses. She testified her monthly expenses were at least $700.
In deciding the issue of spousal maintenance, Judge Fleming ruled this issue had been decided in a prior separation action between the parties and that the spousal maintenance award in the separation decree of January 28, 1977, was res judicata. This being so, the spousal maintenance could only be modified in the dissolution proceeding *114 if Mrs. Rydell could show a material change in circumstances. The trial court found no material change in circumstances and, therefore, incorporated in its judgment the spousal maintenance provision from the separation decree, namely, $400 a month from November 1, 1976, to October 31, 1979; $300 a month from November 1, 1979, to October 31, 1981; and $200 a month until Mr. Rydell reached age 65 or retired, at which time Mrs. Rydell would receive one-third of Mr. Rydell's monthly pension benefits. Thus, under this declining balance formula, Mrs. Rydell will receive, as of November 1981, $200 a month maintenance. Mrs. Rydell did not appeal the 1977 separation decree.
It would seem the award of spousal maintenance was inadequate under the circumstances existing at the time of the dissolution, but the trial court did not reach this issue. The questions here, then, are: Does res judicata apply; if so, was there a material change in circumstances from the time of the separation trial in October 1976 to the dissolution trial in August 1979.
1. We first examine the issue of res judicata. When Mrs. Rydell brought her action in 1976, she asked for either separate maintenance or a dissolution and she asked for complete relief, including permanent alimony. The trial court, Judge Marsden presiding, granted separate maintenance. But it is clear, as Judge Fleming found in the dissolution proceeding, that the issues in the separate maintenance action were "fully and completely tried on the theory that it was a proceedings to fully and finally adjudicate all issues existing between the parties."
This is borne out by the provisions of the separation decree. There was a disposition of all marital property, including sale of the homestead, with Mrs. Rydell awarded 55% of their interest in the home and Mr. Rydell 45%. The award for spousal maintenance even provided for a sharing of the husband's future retirement benefits. Mr. Rydell was to keep all existing medical, health and accident policies in force.
Mrs. Rydell argues res judicata should not apply since an action for separate maintenance is different, both in its object and effect, from a dissolution proceeding, and that the former does not merge into the latter. A separation decree does not terminate the marriage, argues Mrs. Rydell, so considerations bearing on monthly maintenance may be different. While this may be so, we agree with Judge Fleming that in this case, on this record, the issues of property disposition and spousal maintenance were treated the same as if the court were dissolving the marriage. We hold, therefore, that the principles of res judicata apply, subject to the limitation that either party may petition for a modification of maintenance under Minn.Stat. § 518.64 (1980) based on substantially increased or decreased needs or resources. This is the approach used by the trial court.
2. "The terms of a decree respecting maintenance or support may be modified upon a showing of substantially increased or decreased earnings of a party or substantially increased or decreased need of a party, which makes the terms unreasonable and unfair." Minn.Stat. § 518.64, subd. 2 (1980). Here the trial court found Mrs. Rydell had not proved a material change in circumstances to justify modification of the spousal maintenance awarded about 3 years earlier.
Mrs. Rydell disagrees, since her health problems have progressively worsened in the past 3 years, causing higher medical bills. For many years Mrs. Rydell has suffered from periarteritis nodosa, a disease causing degeneration of the small blood vessels. The condition causes shortness of breath, recurrent bronchitis, chest pains, brittle bones and teeth and pain in the joints. Mrs. Rydell also has other unrelated serious health problems.
Mrs. Rydell's doctor testified at the dissolution trial. He explained Mrs. Rydell's condition was progressive, that she is totally disabled and "worsening slowly" and has a limited life expectancy. He stated he has treated Mrs. Rydell since 1974 and, further, that he had submitted a letter on his patient's *115 health, which was used as a court exhibit in the earlier separation trial. Indeed, Mrs. Rydell had moved to Arizona for her health on his advice.[1] The doctor also testified, however, that in June 1976, he knew Mrs. Rydell's condition was deteriorating and that she was going to get worse. He said most of her new complaints present at the time of the dissolution trial were expected at the time of the separation trial.
Consequently, it was the trial court's view that while, in fact, Mrs. Rydell's condition had substantially changed since 1976, this change had been foreseen and expected and, therefore, was not a material change of circumstances justifying a modification of spousal maintenance.[2] We do not agree.
In the separation proceeding Judge Marsden made the following finding:
That the petitioner's health is substantially impaired, and a major financial consideration in this proceeding is her expenses for prescription, hospital, and other medical care. The petitioner is eligible for medical and hospitalization coverage on group basis through the respondent's employer. It is expected that the physical symptoms she suffers will be diminished if she moves to a more favorable climate, such as is found in the State of Arizona. Her relocation expenses will be approximately $2,000.00.
Judge Marsden made no finding that Mrs. Rydell's condition would worsen (even though it appears there was evidence from which he could have so found); rather, he found that the wife's physical symptoms were expected to diminish if she moved to Arizona. Mrs. Rydell did move to Arizona, but, contrary to expectations, her physical symptoms have not diminished but have worsened. This is a material change in circumstances, or, as the statute puts it, this is a substantially increased need. Minn. Stat. § 518.64, subd. 2 (1980).
Before a modification is warranted, not only must there be a substantially increased need, but this need must make the decree's terms "unreasonable and unfair." The record does not disclose why, if in 1976 Mrs. Rydell's health was expected to deteriorate progressively, she was awarded support in a declining amount, unless the declining amount was predicated on the expectation her symptoms would diminish with the move to Arizona. In any event, we conclude there has been a showing of a material change in circumstances justifying modification under section 518.64, subdivision 2.
3. We remand to the trial court to consider what would be an appropriate modification. Since Mrs. Rydell now has a divorced status, Mr. Rydell has to pay an additional $935 a year to keep her on his health insurance, so his monthly payments, beginning in November 1981, will be about $278 a month. In awarding maintenance, the trial court considers many factors, including Mr. Rydell's ability to meet his own needs. Minn.Stat. § 518.552, subd. 2(f) (1980). We recognize the husband's financial resources are limited and his own retirement prospects are bleak. Nevertheless, at this time the declining support schedule utilized in 1977 does not afford a proper measure of maintenance under the changed circumstances.
Appellant is awarded $400 attorney's fees.
Reversed and remanded.
NOTES
[1] The doctor's letter dated June 22, 1976, received in evidence at the separation trial, said, "I have been treating Mrs. Marjorie Rydell for her severe obstructive lung disease and the effects of a disease called periarteritis nodosa. She needs continued care and continued medications, and a change of climate would be beneficial because of her lung condition."

The separation decree provided that Mr. Rydell advance his wife $2,000 to move to Arizona. Mrs. Rydell lived in Arizona at the time of trial.
[2] In June 1978, prior to commencement of the dissolution proceeding, Mrs. Rydell moved in the separation action for an increase in her monthly support. This motion was denied by Judge Summers on the ground there had been no material change of circumstances.